[L. A. No. 4518.   Department One.—July 31, 1918.]

## RIVERSIDE PORTLAND CEMENT COMPANY (a Corporation), Appellant, v. CITY OF LOS ANGELES et al., Respondents.

COUNTIES — MUNICIPAL CORPORATIONS — CONSTITUTIONAL LAW — MANUFACTURE AND SALE OF CEMENT—INVALID CONTRACT.—Subdivision 9a of section 4041 of the Political Code, having been held unconstitutional by the supreme court in *Los Angeles* v. *Lewis,* 175 Cal. 777, it follows that the contract made in pursuance thereof for the furnishing of cement by the county of Los Angeles to the city of Los Angeles was *ultra vires* and void so far as the county is concerned.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Chas. Wellborn, Judge.

The facts are stated in the opinion of the court.

O'Melveny, Stevens & Millikin, and Walter K. Tuller, for Appellant.

Albert Lee Stephens, Chas. S. Burnell, W. B. Mathews, Wm. B. Himrod, A. J. Hill, and Robert B. Murphey, for Respondents.

WILBUR, J.—Plaintiff brings this action as a taxpayer to restrain the city of Los Angeles from carrying out a contract entered into between the city of Los Angeles and the county of Los Angeles for the furnishing by the county of seven hundred and fifty thousand barrels of cement from the Monolith cement plant, which had been purchased by the city.   The county sought to purchase and operate this plant under and by virtue of the provisions of section 4041, subdivision 9a, added to the Political Code in 1913, [Stats. 1913, p. 667].   The invalidity of this section was determined by this court in *City of Los Angeles* v. *Lewis,* 175 Cal. 777, [167 Pac. 390].   It was therein held that the attempt to authorize the county of Los Angeles to engage in the manufacture of cement as a private enterprise was violative of the constitution.   It follows, therefore, that the contract between the city of Los Angeles and the county of Los Angeles, wherein the county agreed to furnish cement to the city, was *ultra vires* and void so far as the

county of Los Angeles is concerned, and it is unnecessary to inquire whether or not the various steps required by the charter of the city of Los Angeles in the purchase of supplies were followed. The contract being void, the demurrer to the plaintiff's complaint should have been overruled.

The judgment is reversed and the case remanded to the superior court, with directions to overrule the demurrer to the complaint.

Lorigan, J., and Melvin, J., concurred.